IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fender Musical Instruments Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Umerco Clothing Incorporated, et al.,<br><br>Defendants. | No. CV-14-00208-PHX-NVW<br><br>**ORDER** |

The License Agreement (Doc. 40, Exh. A) central to this action contains a binding arbitration clause. Under the License Agreement, the parties agree "they will waive their respective rights to a trial by jury and settle their dispute by submitting the controversy to arbitration . . . ." (Doc. 40, Exh. A, Sch. F). The agreement also stipulates that:

> Except as provided in the following sentences, no party shall be entitled to commence or maintain any action in a court of law upon any matter in dispute until such matter shall have ben submitted and determined as provided herein and then only for the enforcement of such arbitration award. Provided that, notwithstanding this dispute resolution policy, either party may apply to a court of competent jurisdiction in Maricopa County, Arizona, to seek injunctive relief before or after the pendency of any arbitration proceeding. The institution of any action for injunctive relief shall not constitute a waiver of the right or obligation of any party to submit any claim seeking relief other than injunctive relief to arbitration.

(*Id.*)

Under the License Agreement, Fender properly filed with this Court when it initially sought injunctive relief to protect its trademarks. (Doc. 1). Fender was granted

injunctive relief in the form of a Temporary Restraining Order (Doc. 17) and then a Preliminary Injunction (Doc. 35). Under the terms of the Preliminary Injunction, Defendants were ordered to halt all sales and distribution activities associated with Fender-branded clothing and provide Fender with an inventory of any Fender-branded products in their possession. (Doc. 35).

Fender, however, not only sought injunctive relief with its initial filing, but also broader relief for general breach of contract claims (Doc. 1). In response to Fender's Complaint (Doc. 1), Defendants filed an Answer, along with corresponding Counterclaims (Doc. 38). Fender then filed a Motion to Dismiss (Doc. 40) Defendants' Counterclaims.

The present issue is that any briefing beyond Fender's requests for injunctive relief requires this Court to adjudicate issues outside the terms of the License Agreement. Under the License Agreement, once a petition for injunctive relief has been resolved, the parties may not continue to litigate in the district court and must instead proceed to arbitration. Given that neither side has addressed the arbitration agreement in its briefing, it is unclear whether the parties wish to waive or invoke the arbitration clause. Should either party wish to invoke the arbitration clause in the License Agreement, they will be compelled to do so at this time.

IT IS THEREFORE ORDERED that the parties each file Notice with the Court indicating whether they invoke or waive the arbitration agreement attached as Schedule F to the License Agreement (Doc. 40, Exh. A) by 5:00 p.m. on Thursday, August 14, 2014.

Dated this 7th day of August, 2014.

_____
Neil V. Wake
United States District Judge